(243) On the trial at Lenoir, on the last circuit, before his Honor, Judge Toomer, the ownership and possession of the dog by the plaintiff and the killing by the defendant were not denied. The defendant, in support of his plea of justification, then proved that on a certain day, about sunrise in the morning, the dog was discovered in his enclosed pasture in the act of killing his sheep; that two of the sheep had been killed and four others dangerously wounded; that the defendant was notified of the fact and went in pursuit of the dog with his gun; that the dog escaped at that time, but returned about two hours afterwards to the premises of the defendant, and was near the pasture fence where the sheep were, when the defendant saw him and immediately shot and killed him. The plaintiff insisted that in order to support the plea of justification the defendant must prove that he could not otherwise preserve his sheep than by killing the dog, or that the dog was shot in the very act of killing the sheep, and desired the court so to charge the jury. His Honor instructed the jury "that the defendant was justified in killing the dog, if the evidence satisfied them that the dog had destroyed the sheep and had returned two hours thereafter, and was on the premises of the defendant, near his pasture, under circumstances calculated to produce a belief in an ordinary man that the dog was lurking about the enclosure to commence again the work of destruction, and was killed under a reasonable apprehension that it was necessary to prevent a repetition of the mischief." The defendant had a verdict and judgment, and the plaintiff appealed.
The exception taken by the plaintiff to the instruction of the judge, is not, in our opinion, well founded. The law authorizes the act of killing a dog found on a man's premises in the act of attempting to destroy his sheep, calves, conveys in a warren, deer in a park, or other reclaimed animals used for human food and unable to defend themselves. Wadhurst v. Damme, Cro. Jm., 455; Barrington v.Sumers, 3 Lev., 28; Leonard v. Wilkins, 9 John., 233. Nor is it essential to the defendant's justification that the owner of the dog should be cognizant of his bad qualities, or that there was no (244) other mode of defending the things assailed. Com. Dig. Pleader, 3 m. 33, 1 Sid., 336. The law is different where the dog is chasing animalsferoe naturae, such as hares or deer in a wild state, or combating with another dog. In these cases a necessity for the act of killing must be made out or the killing will not be justified. Wright v. Ramscot, 1 Saun., 82;Vere v. Ld. Cawdor, 11 East., 567. The object of the law in conferring this authority is not to punish past wrongs, but to prevent wrongs impending or menaced. It may, therefore, be exercised before the injury is begun, if in truth it be imminent — for otherwise the preventive remedy may be too late. Thus in the case of Wadhurst v. Damme, the plea was that the dog had
killed conies before, and defendant finding the dog running at conies (not in the act of killing them) he there killed the said dog. So in Barringtonv. Turner, the justification was that the hounds had chased a deer in the defendant's park and killed her, and to prevent further mischief by them the defendant took and killed them. In this case the plaintiff's dog had actually killed several of the defendant's sheep upon his premises and had returned apparently for the purpose of repeating the injury. It hath been always taken for the law, and universal usage is high evidence of the law, that a sheep-stealing dog, found lurking about, or roaming over a man's premises where sheep are kept, incurs the penalty of death.
The judgment below is affirmed.
PER CURIAM. Judgment affirmed.
Cited: Morse v. Nixon, 51 N.C. 295; Williams v. Dixon, 65 N.C. 417.
Dist.: Runyan v. Patterson, 87 N.C. 345; State v. Neal, 120 N.C. *Page 194 
(245)